UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action Case No. 1:18-cv-03028 |
| ) | |
| v. ) | Judge Leinenweber |
| ) | |
| NAJIA KHAN, ) | Magistrate Judge Finnegan |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIMS**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an order dismissing Defendant's counterclaims with prejudice, and in support states:

**I.   INTRODUCTION**

Defendant's counterclaims fail to state a plausible claim for relief and should, be dismissed. Defendant's Counterclaim for Declaratory Judgment of Non-Infringement is repetitious and unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and enforceable and whether Defendant is liable for the alleged infringement. Seventh Circuit precedent makes clear that counterclaims that are merely answers or defenses are *not* independent pieces of litigation and should be dismissed. Defendant's Second Counterclaim for Abuse of Process likewise fails to state a claim because Defendant cannot meet the elements for Abuse of Process as set forth by Illinois law. For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's counterclaims.

**II.   LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly* at 570. Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal* at 677–79.

### III. ARGUMENT

Defendant begins her argument by providing "general background" for all counterclaims [CM/ECF 14, pp. 17-19]. In this background, Defendant argues that Plaintiff's evidence is insufficient based on testimony of Plaintiff's expert in the 2015 Eastern District of New York case *Malibu Media, LLC v. John Doe*, subscriber assigned IP address 98.116.160.61, 15-cv-03504-JFB-SIL (the "ENY Matter"). *See* Transcript of EDNY April 20, 2016 Evidentiary Hearing ("EDNY Tr."), at 6:21-8:4, 41:3-6, 106:6-15, attached here to as Exhibit "A." However, these facts are not well pleaded and Defendant has cherry picked testimony to try and manufacture an incorrect argument that Plaintiff knowingly files cases based on insufficient evidence of infringement. In fact, Defendant has self-servingly withheld reference to the fact that the testimony from the ENY Matter, relied upon and attached in support of the counterclaim, negates this argument and Judge Locke's Order entered upon hearing the entirety of Plaintiff's experts' testimony in that case, specifically rejected this same argument by the defendant in that matter:

> According to Defendant, "16 kilobytes, which is only two seconds of the video, are not enough to show copying of constituent elements of the work" because "[s]uch an

2

> infinitesimal portion cannot be said to contain any substantive content." Def.'s Supp. Br. at 2. As an initial matter, Patzer testified that, although Exhibit B to the Complaint depicts "one individual exchange [of data] for each title" of Malibu Media's copyrighted material, Excipio actually engaged in multiple data exchanges per title. *See* Tr. 61:15-25, 62:11-24. Therefore, Malibu Media's evidence of infringement is not actually limited to a single sixteen-kilobyte clip. *Id.* at 25:11-26:7….Indeed, the Second Circuit has held that "a copyright infringement may occur by reason of a substantial similarity that involves only a small portion of each work." *Burroughs v. Metro-Goldwyn-Mayer, Inc.*, 683 F.2d 610, 624 n.14 (2d Cir. 1982); *see also Patrick Collins*, 945 F. Supp. 2d at 377 (rejecting the argument that "transmitting only pieces of a copyrighted work, as opposed to transmitting all of the pieces, cannot constitute copyright infringement" and denying the defendant's motion to dismiss). Accordingly, Plaintiff's allegations are sufficient at this stage to state a plausible claim for copyright infringement against the Doe Defendant.

*Malibu Media, LLC v. Doe*, No. 15-CV-3504 (JFB)(SIL), 2016 U.S. Dist. LEXIS 112187 (E.D.N.Y. Aug. 23, 2016), attached hereto as Exhibit "B."

Therefore, Defendant's background facts do not, and cannot, support their Counterclaims, and any question of Plaintiff's evidence will be addressed in Plaintiff's lawsuit in chief.

### A. Defendant's Counterclaim for Declaratory Judgment Fails to State a Claim for Relief

Defendant's Counterclaim fails and should be dismissed because it is redundant and merely addresses the same issues already presented in the Complaint. Additionally, declaratory judgment plaintiffs in copyright actions must be engaged in an actual making, selling, or using activity subject to an infringement charge or must have made meaningful preparation for such activity. *Red Hat, Inc. v. SCO Grp., Inc.*, No. 03-772-SLR, 2004 U.S. Dist. LEXIS 7077, at *3 (D. Del. Apr. 6, 2004) (Holding plaintiff must have engaged in allegedly infringing acts or possessed the capability and definite intention to engage immediately in such acts as declaratory judgment plaintiffs are prohibited from seeking advisory opinions on their potential liability for copyright infringement.) In the instant matter through her Answer, Affirmative Defenses, and Counterclaims [CM/ECF 14, p. 20 ¶ 37], Defendant has expressly denied she has engaged in any infringing acts.

Therefore, the relief sought is both redundant of her denials set forth in the Answer and Affirmative Defenses and is an improper attempt to seek an advisory opinion on liability for acts she claims did not take place.

The decision to grant a declaratory judgment is entirely within the Court's discretion. *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453 at *14-15 (N.D. Ill. Jan. 24, 2011). ("In deciding whether to hear a declaratory judgment action, this court's discretion is broad, and should be based on practicality and wise judicial administration.") (internal citation omitted). "The Declaratory Judgment Act [DJA] was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, (1962). The DJA provides that:

> "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a). "The prerequisite of an actual controversy tracks the limitation of Article III, which extends federal jurisdiction only to actual controversies which arise under the Constitution, laws or treaties of the United States. *Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp.*, 80 F. Supp. 2d 815, 871 (N.D. Ill. 1999). "The constitutional imperative against issuance of advisory opinions is unmistakable." *Id.* There is no actual controversy here because the Defendant's counterclaim merely seeks an advisory opinion that she did not infringe the Plaintiff's copyright. This issue will be addressed in the Plaintiff's action.

When a counterclaim seeks no affirmative relief other than a finding that the Defendant is not liable to Plaintiff for copyright infringement, that counterclaim must be dismissed. *Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929 at * 5 (N.D. Ill. June 9, 2014).

4

See also *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985), and *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78 (N.D. Ill. 1973), (what is actually a defense to a suit does not become an independent claim based on its relabeling). Therefore, Defendant's counterclaim of non-infringement should be dismissed.

Further, when a counterclaim merely restates the issues as a "mirror image" to the complaint, the counterclaim serves no purpose. *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure,* § 1406, at 32-33 (1990) (noting "authority that when a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot."). *See also e.g., Malibu Media, LLC v. Ricupero*, Case No. 16-3628, 2017 U.S. App. LEXIS 16586 (6th Cir. August 28, 2017) (Affirming the District Court's dismissal of the declaratory judgment counterclaim identical to the one in the instant case where the counterclaim allegations track those made in Plaintiff's complaint and seek only a declaratory judgment that he did not infringe copyrighted works.); *Tenneco Inc. v. Saxony Bar & Tube, Inc.* at 1379. ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find her not liable and validate either the denial of liability or affirmative defenses already pleaded. In this regard, Defendant's counterclaim does

nothing to clarify and settle the legal relationships in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Defendant's counterclaim is a mere mirror-image of the allegations in Plaintiff's complaint and accordingly, it should be dismissed.

Defendant's counterclaim does not contain an independent claim for relief. Indeed, Defendant's counterclaim adds nothing to the pleadings already put before this Court since she seeks only a declaration that she did not infringe Plaintiff's works and requests "[t]hat Plaintiff take nothing from its amended complaint and its claims be dismissed with prejudice." [CM/ECF 14, p. 23, ¶¶ A, B]. As stated above, both of these goals will be accomplished should Defendant prevail at trial. Defendant's mere denials of liability provide no basis for an independent action and accordingly, her counterclaim should be dismissed.

### B. Defendant's Counterclaim for Abuse of Process Fails to State a Claim for Relief

"To recover on an abuse of process theory, a plaintiff must plead and prove (1) an ulterior, collateral purpose; and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 285 (7th Cir. 1989); *Harris Custom Builders v. Hoffmeyer*, 834 F. Supp. 256, 263 (N.D. Ill. 1993) ("To state a claim for abuse of process, a plaintiff must allege an ulterior purpose and an act in the use of legal process not proper in the regular prosecution of the proceedings.") "[A] bald allegation that the [] suit was 'commenced and prosecuted' for an ulterior purpose cannot, without more, satisfy the independent act requisite of an abuse of process action." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.* at 285. "[T]he plaintiff 'must allege with some specificity an act in the course of process which itself evidences the ulterior purpose, and such an act may not be inferred from an improper motive.'" *Id.* In fact, even with Defendant's improper negative views about Plaintiff's copyright deterrence lawsuits taken as true (i.e. that suits are filed to harass or extort), "the mere institution of a

6

proceeding, even a proceeding that has no foundation in law or fact, and brought merely to harass, does not constitute abuse of process." *Wabash Publ'g Co. v. Flanagan*, No. 89 C 1923, 1990 U.S. Dist. LEXIS 2102 at *14 (N.D. Ill. Feb. 26, 1990). *See also Alberto-Culver Co. v. Andrea Dumon, Inc.*, 295 F. Supp. 1155 (N.D. Ill. 1969) (finding that the mere initiation of suit, even if done without probable cause, did not constitute an abuse of process).

Here, Plaintiff has no ulterior purpose for suing Defendant. The only purpose Plaintiff has for bringing the action against Defendant is to seek redress for Defendant's infringement of Plaintiff's copyrights. And, Defendant has pointed to no "act in the course of process which itself evidences the ulterior purpose" or misuse of process that is improper in the normal prosecution of a case. To the contrary, each of the legal processes Plaintiff used in its dispute with Defendant has been used for the intended purpose for which said process exists. Plaintiff has not perverted any process and has no bad intentions; it merely filed a copyright infringement lawsuit to protect its copyrights and seek some redress for Defendant's multiple infringements. Under these facts, an abuse of process claim fails.

There has been no abuse of process by Plaintiff in the instant matter. All Plaintiff's actions fall within regular and legitimate functions in relation to the cause of action stated in the Amended Complaint. Defendant's counterclaim fails to allege that the proceeding was perverted to accomplish an ulterior purpose for which it was not designed. Defendant has pointed to no action by Plaintiff that was not proper in the normal context of the proceeding. The only actions taken by Plaintiff in this case to date were: (1) filing a complaint against a Doe Defendant for infringement of eight (8) of its copyrighted audiovisual works; (2) seeking leave to obtain early discovery in order to identify the Doe Defendant; (3) subpoenaing Defendant's ISP to obtain his identity pursuant to this Court's Order authorizing Plaintiff to do so; and (4) filing an Amended Complaint

against the Defendant and serving him. None of these actions are improper in the normal context of the proceeding.

To the extent Defendant alleges that Plaintiff's ulterior purpose is to use this litigation as a means to extort money, Defendant's allegations are conclusory and not supported by any plausible facts. *See* CM/ECF 14, pp. 21-22. Defendant states, without any conceivable basis, that Plaintiff has attempted to "extract money from the Defendant by leveraging the suit as a means of possible embarrassment." *Id* at p. 21 ¶ 43. Yet, Defendant has not and allege evidence of abuse or harassment in this case.

Moreover, Defendant's allegations are further undermined by the fact that Plaintiff's policy is to not oppose a Defendant's request to proceed anonymously through close of discovery. Defendant's allegations that Plaintiff leverages lawsuits "as a means of possible embarrassment" are not only conclusory, but they are simply not true. *Id*. If Defendant wished to remain anonymous, she could have requested to do so.

Contrary to Defendant's baseless assertions, numerous courts throughout the country have expressly found that Plaintiff does not engage in improper litigation tactics. For example, after concluding trial with Plaintiff, the Honorable Judge Baylson found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). Other courts have also opined that the criticism Plaintiff receives is unwarranted. "Doe 5 has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu*

*Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).

Defendant's counterclaim is nothing more than a conclusory and "formulaic recitation of [the] cause of action's elements." *Bell Atl. Corp. v. Twombly* at 545. The allegations have not "raise[d] a right to relief above the speculative level." *Id.* Accordingly, Defendant's counterclaim for Abuse of Process must be dismissed. Indeed, the Honorable Judge Ann E. Thompson reviewed a similar abuse of process counterclaim and dismissed it finding:

> The Court agrees with Plaintiff that Defendant has not sufficiently alleged an abuse of process. Aside from the difficulty in showing that either the discovery request or joinder was improper in this instance, the Court cannot find a "further act" demonstrating the perversion of the legitimate use of the process. Defendant has not convincingly pled that Plaintiff's settlement offer was outside the bounds of acceptable activity, and, absent some further support that such settlement offers outweigh the congressional intent behind permitting such suits for the enforcement of copyrights…

*Malibu Media, LLC v. Lee*, Civ. No. 12-03900, 2013 U.S. Dist. LEXIS 72218 at *15-16 (D.N.J. May 22, 2013). Further, the Honorable Magistrate Judge Kemp for the Southern District of Ohio reviewed the abuse of process counterclaim in that case and dismissed it finding:

> In his counterclaim, Mr. Ricupero alleges that Malibu brought the claim to humiliate him and extract money from him. But he pleads no facts to support either assertion. Furthermore, even if Malibu brought the lawsuit with the intention of settling the case short of litigating it to conclusion, that purpose is not an ulterior motive because many claims are settled. A successful copyright lawsuit would result in money damages, so seeking a settlement by filing a complaint does not qualify as an ulterior motive, *** Further, the counterclaim does not identify any act committed during the process that was improper in the normal context of the proceeding….

*Malibu Media, LLC v. Doe*, No. 2:14-cv-821, 2015 U.S. Dist. LEXIS 13173, at *5-6 (S.D. Ohio Feb. 4, 2015).

Defendant's counterclaim for abuse of process should therefore be dismissed.

### C. Misuse of Copyright Is An Affirmative Defense

While not listed as a separate counterclaim, Defendant also requests that the court find "[t]hat Plaintiff has misused its copyrights and they should be unenforceable." [CM/ECF 14, p. 23 ¶ C]. Copyright misuse is ordinarily brought as an affirmative defense. *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 U.S. Dist. LEXIS 6453 at * 17 (N.D. Ill. Jan. 24, 2011). Indeed, the Defendant pled copyright misuse as her First Affirmative Defense [CM/ECF 14, p. 10]. For a copyright misuse allegation to stand, the "underlying [copyright] infringement claim must be wholly lacking in merit." *Id* at 21. "The Seventh Circuit recognizes that copyright misuse occurs where a copyright owner uses an infringement suit or threat of suit to obtain protection that copyright law *does not confer*." *Id* at 21-22. Defendant's request for a ruling on copyright misuse as part of her counterclaims should not be granted because Plaintiff's claim has merit and Plaintiff seeks to protect its works that are protected under the Copyright Act.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaims with prejudice.

Dated: November 8, 2018

Respectfully submitted,

MEDIA LITIGATION FIRM, P.C.
By: /s/ *Mary K. Schulz*
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (312) 213-7196

10

Email: medialitigationfirm@gmail.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that November 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Mary K. Schulz*