# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>        Plaintiff,<br><br>    v.<br><br>**NAJIA KHAN,**<br><br>        Defendant. | Case No. 18 C 3028<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Malibu Media, LLC moves to dismiss Defendant Najia Khan's counterclaims. For the reasons stated herein, Plaintiff's motion (Dkt. No. 17) is granted in part and denied in part.

### I.    BACKGROUND

This case is one of a deluge of cases brought over the years by Plaintiff Malibu Media, LLC ("Malibu Media"), against named and anonymous defendants for illegally downloading and distributing its copyrighted pornographic films, in violation of the Copyright Act of 1976 ("Copyright Act"), as amended, 17 U.S.C. §§ 101 *et seq.* Malibu Media brings the instant action against Defendant Najia Khan ("Khan"), alleging Khan utilized a BitTorrent file distribution network to copy and distribute eight of Malibu Media's copyrighted works without its consent. (Am. Compl. ¶ 2, Dkt. No. 11.) In response, Khan asserts fifteen affirmative defenses

and two counterclaims: (1) declaratory judgment of non-infringement; and (2) abuse of process. Khan also requests the Court to find "[t]hat Plaintiff has misused its copyrights and [that the copyrights thus] should be unenforceable." (Answer to Pl.'s Am. Compl. at 23, Dkt. No. 14.) Malibu Media now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) Khan's counterclaims and her request for this Court to determine Malibu Media misused its copyrights.

## II. ANALYSIS

A 12(b)(6) motion to dismiss challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone*, 483 F.3d 454, 457 (7th Cir. 2007). Federal notice pleading standards provide: "A plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotation marks omitted); *see also* FED. R. CIV. P. 8(a)(2). When considering a 12(b)(6) motion to dismiss, the Court must "accept[ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

## A. Declaratory Judgment

Malibu Media argues that Khan's first counterclaim for declaratory judgement is redundant, and should thus be dismissed, because it addresses the same issues that Malibu Media presents for adjudication in its Complaint. (*See* Am. Compl. ¶¶ 28-32.) Khan contends that her counterclaim should stand because it will enable her to: (1) seek attorney's fees and costs if Malibu Media's case is dismissed, and (2) clear her name. These arguments will be considered together.

It is important to note that the Court has broad discretion in considering and granting declaratory judgment. *Neilsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 221838, at * 3 (N.D. Ill. Jan. 24, 2011) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Khan's counterclaim is redundant in that it repackages her denial of copyright infringement; nevertheless, that counterclaim seeks more than just declaratory relief. Section 505 of Title 17 of the United States Code provides that attorney's fees may be awarded to a "prevailing party" in a copyright infringement claim. But when the plaintiff voluntarily dismisses its copyright claim without prejudice under Federal Rule of Civil Procedure 41(a), the defendant is not considered a prevailing party. *See Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009.) In this vain, Khan asserts that her counterclaim offers relief

that cannot be obtained through Malibu Media's copyright infringement claim. Khan cites to *Malibu Media, LLC v. Doe*, No. C 15-04441, 2016 WL 3383758 (N.D. Cal. June 20, 2016), to support her proposition. In that case, the court found that if Malibu Media's claim proves meritless, it can voluntarily dismiss the suit without prejudice under Rule 41(a)(2), which avoids an award of attorney's fees to the defendant. *Id.* at *2. Therefore, Khan argues, allowing her counterclaim to stand will ensure the copyright claim reaches the merits, thereby affording her an opportunity to obtain relief in the form of attorney's fees and clearing her name.

Malibu Media disagrees, relying on *Malibu Media, LLC v. Ricupero*, 705 Fed. Appx. 402 (6th Cir. 2017), to argue that Khan's counterclaim offers no useful purpose and should be dismissed. In *Ricupero,* the defendant similarly sought declaratory judgment that he did not infringe on Malibu Media's copyright. *Id.* at 406. That defendant also argued that his counterclaim would secure an award of attorney's fees if Malibu Media moves for voluntary dismissal. *Id.* The court was not persuaded, reasoning that the Copyright Act awards attorney's fees to the prevailing party "without regard to whether the defendant has asserted a counterclaim." *Id.* at 406-07. On that basis, the court concluded that the counterclaim did

not offer a "useful purpose" and affirmed dismissal of the counterclaim as redundant. *Id.* at 407.

The Court declines to follow the Sixth Circuit's approach. It is true that the Copyright Act awards attorney's fees to the prevailing party, but to prevail requires an adjudication on the merits. To reiterate, Malibu Media can voluntarily dismiss the action before the Court reaches a final judgment. In allowing the counterclaim to proceed, however, Khan can still pursue a final judgment. It bears mentioning that damages for copyright infringement in this case, and others, is significant. Moreover, the potentially embarrassing nature of the alleged copyright violation can provide grounds for abuse. There is tremendous pressure for a defendant to settle, even if the case is meritless. Khan's counterclaim will offer protection should she choose to challenge Malibu Media's case on the merits instead of submitting to settlement. As she points out, it also affords an opportunity for her to clear her name. Accordingly, Malibu Media's argument fails.

Malibu Media nevertheless contends that it will be unduly prejudiced by having to litigate duplicative issues. The Court disagrees. Malibu Media will be required to answer Khan's counterclaim, but that "impose[s] a negligible burden." *Id.* And for all intents and purposes, the claims will be litigated as one,

with an opportunity for Khan to pursue her counterclaim should Malibu Media decide to dismiss its own claim. Malibu Media will suffer no prejudice. Khan's counterclaim for declaratory judgment withstands dismissal.

### B.  Abuse of Process

Malibu Media contends that Khan's abuse of process counterclaim fails to state a claim for which relief may be granted. *See* FED. R. CIV. P. 12(b)(6). To state a claim for abuse of process, Khan "must allege [1] an ulterior purpose and [2] an act in the use of legal process not proper in the regular prosecution of the proceedings." *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F. Supp. 256, 263 (7th Cir. 1993) (citing *Erlich v. Lopin-Erlich*, 553 N.E. 2d 21, 22 (Ill. App. Ct. 1990)). A bald allegation that the suit "was commenced and prosecuted for an ulterior purpose cannot, without more, satisfy the independent act requisite[.]" *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 285 (7th Cir. 1989) (internal quotation marks and citation omitted). Rather, Khan "must allege with some specificity an act in the course of process which itself evidences the ulterior purpose, and such an act may not be inferred from an improper motive." *Id.*

Khan neither responds to nor raises any arguments for why her abuse of process counterclaim should withstand dismissal. Thus,

the Court will rely only on Khan's assertions in her Answer to Malibu Media's Amended Complaint. Khan asserts Malibu Media "used lawfully issued process for an ulterior or illegitimate purpose as part of an attempt to obtain results not intended by law, namely, to extract money from Defendant by leveraging the suit as a means of possible embarrassment." (Answer to Pl.'s Am. Compl. ¶ 43.) She also asserts that Malibu Media "failed to inform this Court in its *ex parte* requests to conduct early discovery and issue a subpoena to Defendant's internet service provider of the weaknesses in its case, the limitations of its evidence, and the fact that it had completely failed to compare the pieces allegedly downloaded from Defendant's IP address to the original work because it had failed to collect pieces of evidence large enough to do so." (Answer to Pl.'s Am. Compl. ¶ 44.) Based on the foregoing, Khan contends that Malibu Media abused the legal process of this Court. (Answer to Pl.'s Am. Compl. ¶ 45.)

To begin, Khan fails to plead any facts supporting her proposition that Malibu Media brought suit to humiliate her and extract money from her. She asserts that Malibu Media "intends for this action to serve as a means to obtain settlement proceeds for claims not supported by the facts." (Answer to Am. Compl. ¶ 45-d.) This is not a fact, but a conclusory statement that does not "raise a right to relief above the speculative level." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 545 (2007). But even if Malibu Media brought the instant suit to seek settlement, that pursuit does not constitute an ulterior motive; parties seek to settle suits all the time. *See Malibu Media, LLC v. Doe*, No. 2:14-cv-821, 2015 WL 471010, at *5-6 (S.D. Ohio Feb. 4, 2015). Khan also fails to identify any act committed by Malibu Media that is improper in this type of proceeding. At most, Khan criticizes Malibu Media's litigation strategy and offers conclusory statements as to the merits of the copyright claim, but that is insufficient. The mere institution of a proceeding, "even a proceeding that has no foundation in law or fact, and brought merely to harass, does not constitute abuse of process." *Wabash Pub. Co. v. Flanagan*, No. 89 C 1923, 1990 WL 19977, at *5 (N.D. Ill. Feb. 27, 1990) (citing *Doyle v. Schlensky*, 458 N.E. 2d 1120, 1128 (Ill. App. Ct. 1983)). Accordingly, the Court dismisses Khan's abuse of process counterclaim without prejudice.

### C.  Misuse of Copyright

Finally, Malibu Media argues that this Court should not consider Khan's request to find copyright misuse as one of her counterclaims. To provide context, Khan's request was not listed as a separate counterclaim; rather, it was listed as a type of relief Khan seeks in pursuit of her counterclaims. Khan also pled copyright misuse as her First Affirmative Defense. (*See* Answer to

Pl.'s Am. Compl. ¶¶ 1-6.) Malibu Media's sole argument to deny Khan's request is that its copyright claim "has merit" and it "seeks to protect its works that are protected under the Copyright Act." (Pl.'s Mot. to Dismiss at 10, Dkt. No. 17.)

The merits of Malibu Media's copyright claim are beside the point, and the Court need not consider them to reach a conclusion. Here, Khan's request for copyright misuse seeks no affirmative relief other than a determination that her affirmative defense is meritorious. *See Malibu Media, LLC v. Doe*, No. 13 C 3648, 2014 WL 2581168, at *2 (N.D. Ill. June 9, 2014). For this reason, the request is not appropriately a counterclaim, should it be construed as such. *See Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990) (citing *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985)). Accordingly, if construed as a counterclaim, the request is dismissed. The Court notes, however, that Malibu Media does not move to strike any affirmative defenses, so Khan's affirmative defense for copyright misuse stands.

### III. <u>CONCLUSION</u>

For the reasons stated herein, Plaintiff's Motion to Dismiss (Dkt. No. 17) is granted in part and denied in part. The Court dismisses Khan's counterclaim for abuse of process (Count II) and Khan's request for a finding of copyright misuse, should her

request be construed as a counterclaim. Khan's counterclaim for declaratory judgment (Count I) may proceed.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　United States District Court

Dated: 3/27/2019