IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NAJIA KHAN, <br><br> Defendant(s). | Case No. 1:18-cv-03028 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Malibu Media's motion for voluntary dismissal [46] with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), is granted. The plaintiff will also file a statement of the defendant's non-infringement, consistent with the offer in its reply. (Dkt. 62, Reply 2-3). The defendant's counterclaim for declaratory judgment is dismissed as moot. Parties are to confer and file a status report.

Malibu Media, (Malibu) filed the present complaint on April 29, 2018, (Dkt. 1), alleging Defendant used BitTorrent technology to illegally download and distribute Malibu's copyrighted movies. Malibu initially sought discovery to determine the subscriber of the IP address identified in the Complaint (Dkt. 5), and then investigated representations made by the identified Defendant, Najia Kahn, regarding liability. (Dkt. 47 at 2). Defendant filed a counterclaim alleging abuse of process and seeking a declaratory judgment of non-infringement. (Dkt. 14). The Court dismissed the counterclaim for abuse of process and allowed the request for declaratory judgment of non-infringement to proceed. (Dkt. 28).

1

Malibu now seeks to voluntarily dismiss its claim of infringement pursuant to Rule 41(a)(2), having determined that proceeding with its claim is not worth the time and expense that would be necessary to establish Kahn as infringer. (Dkt. 47 at 1). Malibu also seeks dismissal of Kahn's counterclaim seeking a declaration that she did not infringe arguing that it is moot. (*Id.* at 4-6).[1]

**A. Kahn's Counterclaim is dismissed as moot**

The defendant does not oppose Malibu's motion to dismiss the infringement claim with prejudice and the court will dismiss it without further discussion.[2] Kahn does oppose dismissal of her counterclaim seeking a declaration that she did not infringe. She argues that the Court's denial of Malibu's motion to dismiss is "law of the case and should stand. Dr. Kahn should be permitted to pursue her counterclaim to clear her name and be declared the prevailing party for the purposes of seeking an award of attorney's fees pursuant to § 505 of the Copyright Act." (Dkt. 60 at 3).

Kahn overlooks the fact that the dismissal motion was decided when the infringement claim was pending. That claim has now been dismissed. As the court stated in *Bodyguard Prods., Inc. v. Does 1-25*, No. 17-CV-7667, 2019 WL 7900686, at *2–3 (N.D. Ill. Feb. 19, 2019), Plaintiff's voluntary dismissal "acts as an adjudication on the merits adverse to Plaintiff," and prevents any future litigation of the issue. The *Bodyguard Prods.* court went on to find that the dismissal of Plaintiff's claims "renders Count I of Defendant's counterclaim a legal nullity, as the request for

---

[1] Malibu also argues that Kahn's counterclaim fails to state a cause of action. (Dkt. 47 at 7-10). That argument was rejected by the Court in this case in denying Malibu's motion to dismiss (Dkt. 22), and the court will not revisit it here.

2

declaratory relief is simply the flip-side of Plaintiff's original claim that has been finally resolved *on the merits.*" 2019 WL 7900686, at *2 (emphasis added). Kahn's counterclaim is moot and is dismissed.

**B. Reasonable Fees under Copyright Act**

Dismissing Kahn's counterclaim does not end the inquiry. The *Bodyguard Prods.* court found that the dismissal of Plaintiffs' case "arguably establishes Defendant's status as a 'prevailing party' for purposes of his claim for attorneys' fees and costs under Section 505 of the Copyright Act." *Id., relying on Bell v. Lantz*, 825 F.3d 849, 850 (7th Cir. 2016) (defendant who filed an answer and obtained voluntary dismissal after responses to interrogatories confirmed defense of non-infringement given prevailing party status); *Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) (defendant who prevailed after case had been pending for more than a year was prevailing party after plaintiff sought voluntary dismissal of case and "conceded that it lacked the evidence to prove its claim").

Section 505 of the Copyright Act provides that "[i]n any civil action under this title, the court *in its discretion* may allow the recovery of full costs by or against any party other than the United States or an officer thereof. * * * Except as otherwise provided by this title, the court *may* also award a reasonable attorney's fee to the *prevailing party* as part of the costs." 17 U.S.C. § 505 (emphasis supplied). The Seventh Circuit has noted that "[s]ince *Fogarty [v. Fantasy Inc.,* 510 U.S. 517 (1994)] we have held that the prevailing party in copyright litigation is presumptively

3

entitled to reimbursement of its attorneys' fees." *Riviera Distributors*, 517 F.3d at 928.

The exercise of the Court's discretion under § 505 is guided by the list of non-exclusive discretionary factors discussed in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994), which include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 608 (7th Cir. 2002) (citation omitted). Given that these factors are, in the Seventh Circuit's words, "rather miscellaneous and ill-assorted, they leave the decision on whether to grant or deny attorneys' fees to the prevailing party in a copyright case pretty much to the discretion of the district judge." *Id.*

Kahn is the prevailing party here. She has argued in support of her motion opposing dismissal of her counterclaim that her counterclaim should remain alive so that she can pursue fees. She has presented no information about the fees she is seeking. The Court will allow Kahn to seek reasonable costs and fees and then the Court will determine whether to exercise its discretion to award fees and costs. *See Bodyguard Prods., Inc. v. Does 1-25*, No. 17-CV-7667, 2019 WL 7900686, at *3-4 (N.D. Ill. Feb. 19, 2019) (court exercising its discretion and not awarding fees after considering the pertinent factors).

**C. Conclusion**

4

Malibu Media's motion for voluntary dismissal with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), is granted. The plaintiff will also file a statement of the defendant's non-infringement, consistent with the offer in its reply. (Dkt. 62, Reply 2-3). Malibu's motion to dismiss Defendant's counterclaim for declaratory judgment is dismissed as moot.

E N T E R:

Dated: September 21, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge